UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CENTRAL JERSEY CONSTRUCTION EQUIPMENT SALES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LBX COMPANY LLC,<br><br>Defendant. | Civil Action No. 20-19784 (MAS) (DEA)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Defendant LBX Company LLC's ("Defendant") Motions to Transfer or, alternatively, to Dismiss Plaintiff Central Jersey Construction Equipment Sales, LLC's ("Plaintiff") Complaint. (ECF Nos. 5, 6.) Plaintiff opposed (ECF No. 11) and Defendant replied (ECF No. 15). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Defendant's Motion to Transfer is granted.

I.  **BACKGROUND**

In this case, Plaintiff alleges that Defendant wrongfully terminated the parties' dealer agreement after having induced Plaintiff into leasing "a site to be used solely for purposes of the sale of [Defendant's] equipment parts and service[s]."[1] (Compl. ¶¶ 11–19, Ex. A to Notice of Removal, ECF No. 1-1.) The agreement contains both Kentucky choice-of-law and Kentucky forum-selection provisions. (*Id.* at *29,[2] § 16.3.) The forum-selection provision provides that

---

[1] Plaintiff is a New Jersey limited liability company that sells and leases construction equipment. (Compl. ¶ 1.) Defendant is a Kentucky limited liability company whose sole member is a corporation organized under the laws of Illinois. (Notice of Removal ¶ 5, ECF No. 1.)

[2] Page numbers preceded by an asterisk refer to the page number on the ECF header.

"[Plaintiff] agrees that it will bring any litigation arising out of this Agreement or the transaction contemplated thereby, exclusively in the state courts in the County of Fayette, Commonwealth of Kentucky, or in the United States District for the Eastern District of Kentucky[.]" (*Id.*)

On November 3, 2020, Plaintiff filed a three-count action against Defendant in the Superior Court of New Jersey. Count One asserts a claim for breach of contract; Count Two asserts a claim for unjust enrichment; and Count Three asserts a violation of New Jersey's Racketeer Influenced and Corrupt Organizations Act. (Compl. *8–12.) Defendant removed the matter to this Court on December 18, 2020. (*See* Notice of Removal.) Shortly thereafter, Defendant moved to dismiss or, alternatively, transfer the case to the Eastern District of Kentucky.

## II.   DISCUSSION

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Where a valid forum-selection clause exists, the traditional Section 1404(a) analysis is modified in three ways. *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 64 (2013). "First, no weight is given to the plaintiff's choice of forum." *Id.* (citing *Atl. Marine*, 571 U.S. at 64). Second, the district court only considers the public interest factors—rather than in conjunction with the private interest factors. *Id.* (citing *Atl. Marine*, 571 U.S. at 64). Third, when a case is transferred due to a forum-selection clause, "a [Section] 1401(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Id.* (citing *Atl. Marine*, 571 U.S. at 64). "[B]ecause the public interest factors . . . 'will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* (quoting *Atl. Marine*,

2

571 U.S. at 64). Thus, "'[i]n all but the most unusual cases,' the parties will be held to their bargained-for choice of forum." *Id.* 57–58 (quoting *Atl. Marine*, 571 U.S. at 66).

### A.   The Forum-Selection Clause Is Enforceable

"[F]orum selection clauses are 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Foster v. Chesapeake Ins.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (citing *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1907)). That is, the forum-selection clause will be enforced unless the party opposing enforcement establishes "(1) that it is a result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983). "[I]n attempting to make the requisite showing, the opposing party bears 'a heavy burden of proof.'" *Mucciariello v. Viator, Inc.*, No. 18-14444, 2019 WL 4727896, at *3 (D.N.J. Sept. 27, 2019) (quoting *Bremen*, 407 U.S. at 17).

Here, Plaintiff does not claim that enforcing the clause would violate public policy or that Defendant obtained the clause through fraud or overreaching. Plaintiff does seem to suggest that Defendant was in a superior position when stating that "[u]pon information and belief [Defendant] had an attorney prepare the [agreement]" while "[Plaintiff] was not represented by counsel nor did [Plaintiff] have [the agreement] reviewed by an attorney." (Def.'s Opp'n Br. 2, ECF No. 11.) But that argument is of no moment, particularly where, as here, Plaintiff is a sophisticated entity that has been in business since 2003 and, by its own account, entered into the agreement "[a]fter negotiations and discussions with [Defendant]." (Compl. *5, ¶ 3, Mennona Certif. *11, ¶ 3); *see Jun Zhang v. Gain Cap. Holdings, Inc.*, 2021 WL 2103233, at *7 (D.N.J. May 25, 2021) ("[f]orum

selection clauses are routinely upheld, even in situations involving adhesion contracts, unequal bargaining power, and the absence of negotiations over the clause" (citation omitted)). Finally, Plaintiff does not appear to allege that enforcing the clause could result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. In fact, Plaintiff's partner/general manager, who co-founded the company and signed the dealer agreement, asserted that he has "made many trips to Kentucky to train [his] employees" with Defendant. (Mennona Certif. *15, ¶ 31.) On these facts, the Court finds that Plaintiff fails to meet its heavy burden of showing that the forum-selection clause is unreasonable. The Court, therefore, finds that the clause is valid and enforceable.

### B.   The Public Interest Factors Weigh in Favor of Transfer

Courts consider the following six public interest factors when determining whether transfer is warranted: (1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulty resulting from court congestion; (4) local interest in deciding the controversy; (5) public policies of the fora; and (6) the court's familiarity with applicable state law in diversity cases. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995). Once again, because the forum-selection clause is valid and enforceable, no weight is given to Plaintiff's choice to file in this District. *In re McGraw-Hill*, 909 F.3d at 57 (citing *Atl. Marine*, 571 U.S. at 64).

The public interest factors weigh in favor of transfer. The first factor is neutral because a judgment from this District or the Eastern District of Kentucky "could easily be registered in another district." *SI Power LLC v. Pathway Holdings Mgmt. V, LLC*, No. 15-6101, 2016 WL 7130920, at *9 (D.N.J. Dec. 7, 2016). The second factor also appears neutral, as neither party has identified any practical considerations that tip in favor of, or against, transfer. The sixth factor is neutral at best because the agreement contains a Kentucky choice-of-law provision. The fourth

factor is also neutral at best because although New Jersey may have an interest in resolving contract disputes involving its residents, the agreement at issue contains a valid Kentucky forum-selection clause, which "should be given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 63. "To that end, the fifth factor weighs in favor of [transfer] because of New Jersey . . . public policy in favor of enforcing contractual provisions, including forum selections clauses." *Mancuso v. L'Oréal, Inc.*, No. 20-5701, 2021 WL 365228, at *6 (D.N.J. Feb. 1, 2021). In addition, the third factor weighs in favor of transfer because "this District is facing a judicial emergency . . . which only further contributes to the court's congestion." *Fin. Resources Fed. Credit Union v. Alloya Corp. Fed. Credit Union*, No. 61-80, 2021 WL 268176, at *8 (D.N.J. Jan. 27, 2021). On balance, the public interest factors weigh strongly in favor of transferring this matter to the Eastern District of Kentucky.[3] Accordingly,

IT IS on this 21st day of **July 2021**, **ORDERED** that:

1. Defendant's Motion to Transfer (ECF No. 6) is **GRANTED**.
2. Defendant's Motion to Dismiss (ECF No. 5) is **DENIED** as moot.
3. The Clerk shall transfer this action to the United States District Court for the Eastern District of Kentucky.
4. The Clerk shall close this case.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[3] Having found that transfer is warranted, the Court declines to address Defendant's Motion to Dismiss. *See Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 299 (3d Cir. 2001) (noting "it makes better sense, when venue is proper but the parties have agreed upon a not-unreasonable forum selection clause that points to another federal venue, to transfer rather than to dismiss").